UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>DINA D. SARKISOVA,<br><br>Defendant. | Case No.: 25-cv-72-JES-SBC<br><br>**ORDER:**<br><br>**(1) REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; and**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF No. 2]** |

On May 3, 2023, the People of the State of California filed a criminal complaint against Defendant Dina D. Sarkisova in the Superior Court of California for the County of San Diego, North County Division. ECF No. 1-2. On January 13, 2025, Defendant filed a Notice of Removal to this federal court. ECF No. 1.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). A federal court is constitutionally required to raise issues of federal subject matter jurisdiction, sua sponte if necessary, and must satisfy itself of jurisdiction before proceeding to the merits of a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006);

*Ruhrgas AG v. Marathon Oil Co.*, 625 U.S. 574, 577 (1999). The removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In a removed case, since Defendant is the party seeking to invoke the jurisdiction of this court, Defendant bears the burden to establish federal subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Criminal state court actions are removable to federal court only under limited circumstances set out in 28 U.S.C. §§ 1442, 1442a, and 1443. *California v. Smith*, No. 24-CV-1629-WQH-JLB, 2024 WL 4227050, at *1 (S.D. Cal. Sept. 18, 2024). In her removal notice, Defendant claims subject matter jurisdiction under § 1443, arguing that her constitutional rights are being violated, in particular her Due Process and Sixth Amendment rights. ECF No. 1 ¶¶ 1-2.

Section 1443 permits criminal prosecutions commenced in state court to be removed to federal court in two limited circumstances. First, § 1443(1) permits removal where Defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). To remove under this provision, a defendant must first show that he (1) "asserts, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights," and then, importantly, he must also show that (2) "the state courts will not enforce that right." *Hankins v. Bryant*, No. 23cv0064 JAH-BGS, 2023 WL 2254918, at *1 (S.D. Cal. Feb. 27, 2023) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)); *see Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). As to the latter part, "that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Hankins*, 2023 WL 2254918, at *1.

Here, Defendant only alleges certain broad constitutional rights being violated, not based on any "statutory enactment protecting equal racial civil rights." *See Sandoval*, 434 F.2d at 636 (broad protections of the First and Fourteenth Amendments do not fall within

the coverage of 1443). Thus, Defendant fails to meet the first part of the showing required. Further, Defendant also fails to point to any enactment of a California statute or constitutional provision that commands the state court to ignore those federal equal racial civil rights. Thus, Defendant does not successfully show jurisdiction under § 1443(1).

Second, § 1443(2) permits removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This removal provision "'is available only to federal officers and to persons assisting such officers in the performance of their official duties,' and to state officers." *McCullough v. Evans*, 600 F. App'x 577, 578 (9th Cir. 2015) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966)). Nothing in Defendant's notice of removal supports jurisdiction under this provision either.

Thus, having failed to meet her burden to establish that this Court has federal court subject matter jurisdiction over the case, it is hereby **ORDERED** that the action is **REMANDED** pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, to the Superior Court of California for the County of San Diego, North County Division, where the case was originally filed. Defendant's concurrently filed motion to proceed in forma pauperis (ECF No. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 15, 2025

Honorable James E. Simmons Jr.
United States District Judge